UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES R. STANLEY,<br><br>              Plaintiff,<br><br>   v.<br><br>JANIE ST. PAUL,<br><br>             Defendant. | Case No. 1:10-CV-00194-BLW<br><br>**ORDER** |

      This prisoner civil rights case was reassigned to this Court to consider whether dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A. Having reviewed the record, the Court enters the following Order.

## REVIEW OF COMPLAINT

**1.**      **Standard of Law**

      Plaintiff James R. Stanley (Plaintiff) brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

**2.    Factual Allegations**

Plaintiff is an inmate in custody of the Idaho Department of Correction (IDOC). He alleges that, in the course of his parole eligibility proceedings, Parole Hearing Officer Janie St. Paul (Defendant) violated his civil rights when she "not only verbally accused the Plaintiff, of having ten (10) counts of sexual abuse against his victim, but also put it in writing." (Complaint, Dkt. 1, p. 1.) Plaintiff argues that Defendant wrongfully is accusing him of uncharged crimes.

St. Paul submitted this erroneous information to the Idaho Commission of Pardons and Parole (ICPP). Plaintiff further alleges that he "was denied parole, because of the allegations, the Defendant, wrote, in her report to the Parole Commission, who, denies the Petitioner, parole due to the allegations." (Complaint, p. 2.) Plaintiff has requested monetary damages and removal of incorrect statements from his records.

3.  **Discussion**

    A.  *Claims Calling into Question Denial of Parole*

    In his Complaint, Plaintiff clearly alleges that the wrongful comments caused the ICPP to deny him parole. While certain types of parole claims may be brought as § 1983 claims, others must be asserted in habeas corpus actions because they implicate the bar of *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), where the Court determined that a prisoner in state custody cannot use a civil rights action to challenge the fact or duration of his confinement. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005).

    In *Wilkinson v. Dotson*, the Court determined that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility . . . and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community." *Id*. at 82. When a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Dotson*, the Supreme Court noted that its previous cases, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82.

    Here, Plaintiff plainly alleges that he "was denied parole because of the

Defendant's report." Because Plaintiff is alleging that he is entitled to be released on parole, and he is alleging the only thing standing in the way of parole is Defendant's report, he clearly challenges the denial of parole, a claim that is presently barred by *Heck v. Humphrey*. Accordingly, Plaintiff's case is subject to dismissal.

B.     *Claims Alleging Liberty Interest in Parole Records*

Plaintiff argues that because he was denied parole based on Defendant's false report, a liberty interest arose in not having false records in his parole file. Current law does not support his theory. Rather, for the following reasons, Plaintiff may not bring a claim for expungement of records that are contained in his parole file.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. However, a litigant cannot bring a due process claim unless he demonstrates that he was deprived of a liberty or property interest protected by the Due Process Clause. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989).

Several decades ago, the Fourth Circuit recognized a limited liberty interest, secured by the Constitution, in having false information expunged from one's prison file. *See Paine v. Baker*, 595 F.2d 197, 201-02 (4th Cir. 1979). Under *Paine*, an inmate was entitled to relief if he could show that: (1) the information in question was actually false; (2) the erroneous information was in his central file; and (3) the erroneous information was likely to be relied upon "to a constitutionally significant degree." *Id*.

However, after the United States Supreme Court's decision in *Greenholtz v.*

*Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1 (1979), the validity of *Paine* has been called into question. *See Johnson v. Rodriguez*, 110 F.3d 299, 309 n. 13 (5th Cir. 1997) ("[A]lthough Paine has not been expressly overruled, subsequent Fourth Circuit cases ... undercut any contention that the *Paine* analysis is still viable."). In *Greenholz*, the Supreme Court held that the U.S. Constitution, of its own force, does not create a liberty interest in parole. 442 U.S. at 7.

In recent years, the law has been clarified. It is still true that an inmate can bring a procedural due process challenge to a parole decision only where there is a state-created liberty interest in parole. *See Swarthout v. Cooke,* – U.S. –, 131 S.Ct. 859, 862 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). If a state statute governing parole uses mandatory language like "shall" to "create a presumption that parole release will be granted," then an inmate has a state-created liberty interest in parole and may bring a procedural due process challenge to a parole decision. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006).

Federal courts look to decisions of the highest state court to determine whether there is a state-created liberty interest in parole. *Sass*, 461 F.3d at 1127 ("a State's highest court is the final judicial arbiter of the meaning of state statutes"). In *Banks v. State of Idaho*, 920 P.2d 905 (Idaho 1996), the Idaho Supreme Court addressed the liberty interest question. The court noted that the Idaho sentencing statute, I.C. § 19-2513, uses the

ORDER - 5

nonmandatory words "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence." The *Banks* Court held that, as a result of the statute's language, in Idaho "parole is not an automatic right or liberty interest." *Id*. at 908. The *Banks* Court acknowledged the existence of I.C. § 20-223, which governs parole commission decisions and contains the phrase "a parole shall be ordered when. . . ." The court did not find the statute's "shall" language controlling in the liberty interest analysis, although that section is nearly the same as the language deemed mandatory in *Greenholtz* and *Allen*. Rather, the Idaho Supreme Court relied on I.C. § 19-2513–which governs sentencing–noting that it does not contain mandatory language, but instead states that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence."

The *Banks* decision governs Plaintiff's ability to bring a due process claim in a federal civil rights action. Therefore, unless the Idaho Supreme Court reconsiders its decision that there is no liberty interest arising from the sentencing and parole statutes, the federal courts are bound by the Idaho Supreme Court's interpretation. *Cf id.* ("if the California Supreme Court did hold that section 3041 does not use mandatory language, the [Ninth Circuit's] holdings to the contrary would no longer control").

Based upon the United States Supreme Court's strong language in *Swarthout v. Cooke*, a due process interest in parole-related issues can be found only where a state-created liberty interest exists (such as in California). No such interest exists in Idaho. Therefore, for Idaho inmates, *Paine* and previous Ninth Circuit case law permitting due

process claims in inmate settings where no liberty interest is found, e.g., *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999)[1] no longer provide viable legal grounds for relief.

### 3. Conclusion

For the foregoing reasons, Plaintiff's entire Complaint will be dismissed. Plaintiff's in forma pauperis application will be deemed moot.

---

[1] In *Burnsworth*, the Court determined that due process was violated when a prison disciplinary hearing board convicted an inmate of escape after that board held a hearing at which no shred of evidence of the inmate's guilt was presented, even if inmate demonstrated no cognizable liberty interest.

**ORDER - 7**

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED.

2. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 2) is MOOT.

DATED: **February 23, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court